United States District Court
Southern District of Texas

**ENTERED**

May 01, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALEIDA OLVERA VACULIK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-22-1613 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Aleida Vaculik sued Walmart after she slipped and fell in a store entryway. Walmart has moved for summary judgment on the basis that it had neither actual nor constructive knowledge of the wet, slippery floor—or, alternatively, that the water on the floor presented an open and obvious risk. Based on the parties' briefing, summary judgment evidence, the record, and the relevant law, the court denies Walmart's motion with respect to Vaculik's premises-liability claim. The reasons are as follows.

## I.     The Rule 56 Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence

"which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## II.     Analysis

Walmart argues that Vaculik cannot sustain a negligent activity claim, only a premises-liability claim. (Docket Entry No. 15 ¶¶ 4–5). Vaculik does not respond to this argument. A

negligent activity claim requires a plaintiff to show that she was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted); *see also Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 388 (Tex. 2016).   The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases because the injuries were alleged to have resulted from physical conditions on property," not from a contemporaneous activity.  *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017).  The court agrees with Walmart that the facts of this case show that Vaculik can only recover on a premises liability theory.  The court grants Walmart's motion with respect to Vaculik's negligent activity claim.

Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances."  *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)).  "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries."  *Id.* (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).  Walmart argues that Vaculik cannot show a material fact dispute as to the first three elements.

First, Walmart argues that there is no evidence it had actual knowledge of any specific water on the floor before Vaculik's fall.  (Docket Entry No. 15 ¶ 8).  Walmart argues that Vaculik

3

cannot show that it had constructive knowledge of any water, because Vaculik herself stated, in her deposition, that she had no knowledge as to how long the water was on the floor.  (*Id.* ¶ 13).

A plaintiff may satisfy the knowledge element in a slip-and-fall case by pointing to evidence showing that: "(1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) 'it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.'"  *Robbins*, 2021 WL 3713543, at *1 (quoting *McCarty*, 864 F.3d at 358).  An inference of constructive notice "requires proof that an owner had a reasonable opportunity to discover the defect."  *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam).  A court analyzes "the combination of proximity, conspicuity, and longevity" of the alleged defect: the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place.  *Id.* at 567–68 (quoting *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002)).

For a premises owner to be charged with constructive knowledge (sometimes called "constructive notice"), a dangerous condition must have "existed for some length of time."  *Reece*, 81 S.W.3d at 815 (citations omitted).  If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it."  *Id.* at 816.  On the other hand, "if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition."  *Id.*  Some temporal evidence is required for a premises-liability plaintiff to defeat a motion for summary judgment.  *Id.*  ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.").  "The so-called 'time-

4

notice rule' is based on the premise that temporal evidence best indicates whether the owner had

a reasonable opportunity to discover and remedy a dangerous condition." *Id.* (citation omitted).

"[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must

establish that it is more likely than not that the dangerous condition existed long enough to give

the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v.*

*Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

Vaculik argues that Walmart knew of the dangerous condition posed by a water puddle

because Walmart employees had noticed the water and attempted—unsuccessfully—to mop it up

before Vaculik's fall.  (Docket Entry No. 18 at 11).  Surveillance footage shows a Walmart

employee mopping the area of the fall for a few seconds at around 10:07 a.m.  (Docket Entry No.

18-9).  Although the quality of the surveillance footage is not high, the area appears wet or damp

before and after the Walmart associate mops.  Approximately 25 minutes before Vaculik's fall,

the same employee again briefly mops the area, leaving it again in a wet or damp condition.  (*Id.*).

Vaculik contends that the employee "wet mopped" the area and did not succeed in

removing accumulated water.  (Docket Entry No. 18 at 13–14).  Vaculik deposed two Walmart

employees, both of whom reviewed the security tape.  These employees, Frederick Morrison and

Jerrika Johnson, both agreed that a wet surface may present a dangerous condition in the form of

a slipping hazard.  (Docket Entry No 18-2 (Morrison Depo.) at 25:24–26:3; Docket Entry No. 18-

4 (Johnson Depo.) at 21:12–21, 40:23–41:2).  Both Morrison and Johnson also agreed that at least

some liquid remained after the employee mopped, until at least the time of Vaculik's fall.  (*See*,

*e.g.*, Morrison Depo. at 102:14–16, 110:2–17, 113:3–6; Johnson Depo. at 50:11–19, 66:13–67:13,

69:11–16).  Walmart points to several passages where these deponents stated that the mopping

employee properly "dry mop[ped]" the area in question, "get[ting] the water that was from the area." (Docket Entry No. 20-2 at 52:11–12; *see also* Docket Entry No. 20 ¶¶ 5–7).

The video evidence and testimony create a dispute of fact with respect to actual and constructive knowledge. The mopping employee appears to recognize the specific areas of water on the floor and is not, as Walmart contends, merely mopping the area generally. With respect to constructive knowledge, some amount of water appears visible throughout the video footage, which captures more than an hour before Vaculik's fall. Although a slight amount of water might be relatively inconspicuous, the presence of water for over an hour, combined with a Walmart employee's visible attempts to remove that water, supports an inference that Walmart may be held to have had knowledge. *See Spates*, 186 S.W.3d at 567–68.

Second, Walmart argues that "[t]here [was] no puddle of water or trail of water, and nothing to suggest there was any condition that posed an unreasonable risk of harm." (Docket Entry No. 15 ¶ 7). Some conditions are not unreasonable risks of harm. *See, e.g.*, *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 803 (Tex. 2022) (a small divot in a parking lot was not an unreasonable risk of harm); *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007) (a functioning pedestrian ramp in compliance with relevant safety standards and which had not injured a customer in the decade prior to the plaintiff's accident did not pose an unreasonable risk of harm); *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006) (the mere presence of soft drink dispenser does not create an unreasonable risk of harm).

But water on a store floor may present an unreasonable risk of harm. *See Wal-Mart Stores, Inc. v. Sparkman*, No. 02-13-00355-CV, 2014 WL 6997166, at *3 (Tex. App.—Fort Worth Dec. 11, 2014, pet. denied) (With respect to indoor collections of rainwater, "Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition."). As

6

Walmart's employees acknowledged, the presence of water or a wet surface may create a slipping hazard.  For this reason, Walmart's policy calls for its employees to take various measures to mitigate the presence of water on its store floors.  (*See* Docket Entry No. 18-8 (Walmart's "Inclement Weather Guidelines").  The parties' divergent interpretations of Morrison's and Johnson's testimony present a paradigmatic form of factual dispute for a jury to resolve.  A "reasonably prudent person" could foresee that a shopper might slip on a wet floor.  *McIntire*, 646 S.W.3d at 803.  While both Morrison and Johnson emphasized that they did not see very much water, the significance of the water that did remain following the mopping efforts of Walmart's employee is a material question of fact that cannot be resolved on a motion for summary judgment.

Third, Walmart argues that the danger posed by the water was open and obvious.  In response, Vaculik argues that the hazard was concealed behind the automatic sliding doors at the entrance to the store.  (Docket Entry No. 18 at 16).  Vaculik also argues that the legal authorities on which Walmart relies, which Walmart claims hold that water hazards caused by rain are open and obvious, (Docket Entry No. 15 ¶¶ 20–22), are inapplicable to this case.  (*See* Docket Entry No. 18 at 16–18; Docket Entry No. 20 ¶ 10; Docket Entry No. 21 at 4–6).

Walmart's deponents both testified that, when the store doors are closed, it may be difficult to see what lies immediately beyond them.  (Morrison Depo. at 94:16–25; Johnson Depo. at 46:10–19).  The enclosed nature of the entryway here distinguishes it from the entryway at issue in *Estes v. Wal-Mart Stores Tex., L.L.C.*, No. 3:16-cv-02057, 2017 WL 2778108 (N.D. Tex. June 27, 2017), cited by Walmart, which was only "partially enclosed."  *Id.* at *1.  The video presented in *Estes* did not show the alleged puddle of water, and there was no evidence that the puddle in which the plaintiff slipped was not "naturally accumulating."  *Id.* at *1, 3.  Here, the entryway was enclosed, and the water was presumably carried in on the soles and shopping carts of other customers.

Walmart also points to *Walker v. UME, Inc.*, No. 03-15-00271-CV, 2016 WL 3136878 (Tex. App.—Austin June 3, 2016, pet. denied), a case whose facts, a deadly flash flood by a campsite, bear little resemblance to those here.  The *Walker* court stated that natural accumulations of water and other natural elements do not give rise to premises liability because such "naturally occurring conditions [are] beyond a landowner's control."  *Id.* at *3.  But accumulation of water inside a Walmart is within Walmart's control.  This distinction matters under Texas law.  *See, e.g.*, *Sparkman*, 2014 WL 6997166, at *3 (collecting cases).  Walmart's other cases are not persuasive for the same reason.  *Cf. M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004) ("Ordinary mud that accumulates naturally on an outdoor concrete slab without the assistance or involvement of unnatural contact is, in normal circumstances, nothing more than dirt in its natural state and, therefore, is not a condition posing an unreasonable risk of harm."); *Kasparek v. United States*, No. A-16-CV-01324-SS, 2018 WL 2392558, at *1 (W.D. Tex. May 25, 2018) ("On a rainy May 8, 2014, Kasparek slipped and fell while walking over a metal grate in front of the United States Post Office . . . .").

With respect to indoor collections of rainwater, "Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition."  *Sparkman*, 2014 WL 6997166, at *3.  Such hazards are not necessarily open and obvious, and a plaintiff is not required to constantly scrutinize surfaces to detect them.  *See, e.g.*, *Hernandez v. Wal-Mart Stores Tex., LLC*, No. EP-16-CV-00353-KC, 2017 WL 9291961, at *6 (W.D. Tex. Aug. 1, 2017) ("Plaintiff need not have kept her eyes trained on the floor in front of her to discover a clear puddle—nor might it have been visible, even had she done so.").

The final premises-liability question presented by Walmart's motion is whether Walmart discharged its duties to make the condition reasonably safe.  Walmart argues that its placement of

8

absorbent floor mats in the entryway, in addition to the mopping efforts of its employee, satisfied

its duty to Vaculik.  Vaculik contends that the mats were, according to Walmart's guidelines and

the testimony of its employees, improperly placed and left exposed tiling in the area in which

Vaculik fell.  (Docket Entry No. 18 at 15–16).  In reply, Walmart argues that "Walmart was not

an insurer of Plaintiff Vaculik's safety," meaning that the combination of the floor mats—even if

improperly placed—and efforts to mop effectively discharged its duty.  (Docket Entry No. 20

¶ 13).

The court agrees with Vaculik that reasonable jurors could disagree as to whether

Walmart's efforts were sufficient to eliminate its duty to Vaculik.  As Vaculik points out, the Texas

Supreme Court has previously held that mopping a wet floor on a rainy day does not conclusively

preclude a premises owner's liability.  *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 538 (Tex.

1975).  Walmart has not established that its actions were sufficient as a matter of law.

The court denies Walmart's motion for summary judgment on Vaculik's premises-liability

claim.

## III.    Conclusion

The motion for summary judgment, (Docket Entry No. 18), is granted with respect to

Vaculik's negligent activity claim and otherwise denied.

SIGNED on May 1, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

9